EXHIBIT 1

# UNITED STATES PROBATION & PRETRIAL SERVICES

**DISTRICT OF MAINE**

MICHAEL J. PENDERS
CHIEF



SCOTT HASTINGS
DEPUTY CHIEF

_____

Internal Memorandum

November 17, 2025

To: Craig Wolff, United States Attorney

From: Belinda S. Krouse, U.S. Probation Officer

Re: U.S. v. Gregory Kelly, Dkt. No. 2:25MJ00130

**REQUEST TO REVOKE BAIL**

_____

On April 28, 2025, the Honorable Karen Frink Wolf, U.S. Magistrate Judge, issued a release order for Gregory Kelly to be released when all conditions of release were met, including entrance into residential substance use disorder treatment program. On May 22, 2025, all conditions were met, and Mr. Kelly was released from custody to begin inpatient substance use disorder treatment. It is alleged Mr. Kelly violated the following conditions of release:

**Condition 7(s): The defendant must participate and comply with the requirements of the Computer and Internet Monitoring Program (which may include partial or full restriction of computer(s), internet/intranet, and/or internet-capable devices), and shall pay for services, directly to the monitoring company. The defendant shall submit to periodic or random unannounced searches of his/her computer(s), storage media, and/or other electronic or internet-capable device(s) performed by the probation officer. This may include the retrieval and copying of any prohibited data. Or, if warranted, the removal of such system(s) for the purpose of conducting a more comprehensive search.**

As part of the Computer and Internet Monitoring Program, Mr. Kelly signed a Computer & Internet Acceptable Use Contract on July 11, 2025. Paragraph four of that contract stipulates, "You shall not use any other computer other than what you have been authorized to use. This includes, but is not limited to, computers at other businesses, private homes, libraries, schools, cybercafes, etc." Paragraph 6 of the contract stipulates, "You shall not use or own any device which allows internet access other than authorized by the supervising officer. This includes, but is not limited to: mobile telephones, tablets, gaming consoles, blu-ray players, and SMART TV's."

On November 17, 2025, Mr. Kelly admitted via telephone to the undersigned officer that he purchased two cellular telephones which this officer had not authorized Mr. Kelly to use. He stated he destroyed those telephones prior to the conversation in which he disclosed their existence. He also admitted that he used the cellular telephones of other residents of the substance use disorder treatment center where he is residing.

**Condition 7(t): The defendant is prohibited from participating in any gambling activities, including casino gambling, online gambling, lotteries, instant scratch tickets, Keno, and any other activities similar in nature. Defendant is prohibited from frequenting establishments whose primary purpose is gambling.**

On November 17, 2025, Mr. Kelly admitted via telephone to the undersigned officer that he used the above-mentioned unauthorized cellular telephones to participate in online gambling. He admitted he used the authorized devices to circumvent the internet monitoring software installed on his authorized cellular telephone.

The Office of U.S. Probation and Pretrial Services believes Gregory Kelly is a risk of flight and danger to the community. It is requested a warrant be issued for his arrest and his bail be revoked.

Belinda S. Krouse
U.S. Probation Officer

Reviewed by:

Bryce Turgeon
Supervisory U.S. Probation Officer